[14746.  In Bank.—June 6, 1893.]

HELEN WEBER, ADMINISTRATRIX, ETC., ET AL., APPELLANTS, *v.* T. A. GILL ET AL., DEFENDANTS. T. A. GILL, RESPONDENT.

STOCKTON—DUTY OF DEPARTMENT OF STREETS AND WHARVES—REMOVAL OF OBSTRUCTIONS TO WATERCOURSES—ORDINANCE.—Under the terms of the charter of the city of Stockton, approved March 2, 1889 (Stats. 1889, p. 577), it is the duty of the department of streets and wharves to see that the watercourses and channels are not obstructed by anything which will cause the waters thereof to overflow and injure or destroy the public streets or property of the city, and no ordinance of the city council is necessary in order to authorize the department to remove such obstructions.

ID.—DEPOSIT IN SLOUGH BY ACT OF UNITED STATES—IMPROVEMENT OF NAVIGATION—RIGHT OF CITY TO REMOVE DEPOSIT.—The fact that the deposit sought to be removed from the slough is due to the acts of the United States government in improving the navigable portion of the stream below does not affect the right of the city to cause it to be removed. The city has the right to remove obstructions from a natural watercourse so as to preserve it in its natural form, without regard to the cause of such obstruction.

ID.—CONSTRUCTION OF CHARTER—AUTHORITY OVER CHANNEL OF SLOUGH.—The act of March 23, 1872 (Stats. 1871-72, p. 540), authorizing the city authorities of Stockton to widen and deepen the channel of Mormon slough, and providing for condemnation proceedings therefor, was intended to provide against overflow, but does not prevent action under authority of the department of streets and wharves to remove a deposit of earth which has partially filled up the channel of the slough, and which if allowed to remain will tend to cause an overflow of the waters and an injury to property of the city, if there is no removal of land belonging to a private person, and no attempt to widen or deepen the channel.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*Louttit, Woods & Levinsky,* for Appellants.

*James H. Budd,* and *John E. Budd,* for Respondent.

The COURT.— This is an action to enjoin the defendant from removing earth from the channel of Mormon slough, a natural watercourse within the corporate limits of the city of Stockton. The earth referred to is sedimentary deposits brought down by the waters of the channel. The facts agreed upon show that "for the protection from overflow and destruction of the property of and in said city, and the public streets and bridges and navigable waters of said Mormon channel, it was at all times

mentioned in the complaint, and now is necessary to remove, or cause to be removed, said sedimentary deposits aforesaid in said Mormon channel." The quantity of earth deposited has been increased by the construction under the direction of the United States government, for the purpose of protecting the navigable waters of the San Joaquin River, Stockton channel, and that portion of Mormon channel lying west of Center Street, of restraining dams across Mormon channel below the point where defendant has been excavating and east of Center Street. The effect of these dams has been to make a restraining basin of Mormon slough above the points where they were erected. The street from which the earth was removed crosses the slough, but has not been used as a highway for the reason that it has never been bridged. The blocks of land described in the complaint, in front of which the digging was done, are owned by the plaintiffs. The defendant claims the right to remove the earth under a resolution of the city council and a permit from the board of public works.

It is claimed by the appellants that the resolution of the city council and the permit given by the board of public works are void; that the work should have been done in accordance with the act of March 23, 1872 (Stats. 1871–72, p. 540); but that if the council or board of public works is clothed with the right to authorize the removal of earth from the streets, such authority can be granted only by ordinance.

We do not think the contentions of the appellants are sound. The charter of the city of Stockton, approved by the legislature March 2, 1889 (Stats. 1889, p. 577), provides:—

"Sec. 30. The council shall have power to pass ordinances. . . .

"9. To regulate, under the superintendence of a board of public works, the moving and anchoring of vessels within the waters of the city, and to prevent obstruction to the free navigation of the same."

Section 147 provides that "the department of stree's and wharves shall embrace the control of the water front and wharves; of the streets, sidewalks, bridges and public thoroughfares . . . . of the watercourses and channels within the city, . . . . and of everything of a public nature pertaining to said subjects."

The mayor, the city surveyor, and the superintendent of streets constitute the board of public works, and are designated as the "department of streets and wharves," and it is their duty to see that the watercourses and channels are not obstructed by anything which will cause the waters thereof to overflow and injure or destroy the public streets or property of the city. The fact that the filling of the streets in front of plaintiffs' land is a benefit to the land is immaterial. The city has the right to have the waters flow through the channel without interruption or obstruction, and to as full an extent as when Captain Weber, who owned the entire site of the city by grant from the Mexican government, transferred the streets and squares to the city (in 1851). The streets were conveyed by him to the city authorities without any reservation, and with reference to a map made by him in 1850, in which Mormon channel was delineated from the western to the eastern limits of the city.

Those who framed the charter doubtless saw that if the board of public works were required in the exercise of their authority to proceed under an ordinance of the city council, great damage to the property of the city and its residents might be caused by obstructions in the watercourses within the city. Authority was expressly conferred upon the board, therefore, to act in respect to the control and protection of watercourses and channels directly, and no ordinance was necessary in the case at bar.

The act of March 23, 1872, was intended to provide against overflow, by authorizing the city authorities to widen and deepen the channel of Mormon slough from Hunter Street, a distance of five miles easterly. The act provides for condemnation proceedings, but it is not contended in this case that the respondent has removed, or attempted to remove, any portion of the land belonging to plaintiffs, or has attempted to widen or deepen the channel. All defendant proposes to do is to remove a deposit of earth which has partially filled up the channel, and which, if allowed to remain, will tend to cause an overflow of the waters, and an injury to property of the city. The fact that the deposit is due in whole or in part to the acts of the United States government in improving the navigable portion

of the stream below is immaterial. The city has the right to remove obstructions from a natural watercourse, so as to preserve it in its natural form, without regard to the cause of such obstruction.

The judgment is affirmed.